IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nehemiah James Evans, | ) | C/A No. 6:20-cv-3274-JD-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lee Correction Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Kevin J. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1] Nehemiah James Evans ("Petitioner" or "Evans"), a federal prisoner brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2254. (DE 1.) The Report recommended Respondent's Motion for Summary Judgment (DE 29) be granted because the Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (DE 40.) Following an extension of time to respond, Evans filed an Objection to the Report and Recommendation. (DE 45.) For the following reasons, the Court adopts the Report and Recommendation.

Although Evans filed an Objection to the Report and Recommendation, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.  However, the court has identified the following specific objections, which will be addressed herein.  Petitioner objects to the Report's finding that Evans's Petition is untimely because he requests this Court equitably toll the deadline for filing his Petition until August of 2020 because the law library was closed due to quarantine of the law library staff necessitated by the Covid-19 pandemic and because Petitioner contracted Covid-19 and was symptomatic for four months.  (DE 45, pp. 1-2.)  The Report sets forth the applicable law for equitable tolling related to Section 2244(d).  The Petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law.  See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. See also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  The Fourth Circuit is clear that equitable tolling is only appropriate where a petitioner shows: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

The Petitioner did not address the timeliness of his Petition either in the Petition itself or in his response in opposition to the motion for summary judgment. (See DE 1, p. 18; 32.)  He has failed to articulate or show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from timely filing his federal Petition.  Specifically, the Petition should have been filed on or around March 26, 2020, and Petitioner alleges that the law library at the prison was on lock down beginning on or around March 1, 2020.  However, Petitioner does not offer any evidence of what he did prior to or during the period of lockdown to demonstrate that he was diligently pursuing his rights.  Nor has the Petitioner offered any other reason to support the untimeliness of his Petition.  Therefore, the Court finds that Petitioner is not entitled to equitable tolling and the Petition is, therefore, time-barred.

Petitioner also made an objection under a heading he titled "Actual Innocence," which raised the same arguments he previously raised in his Petition and in his Opposition to Respondent's Motion for Summary Judgment to include, his ineffective representation at his guilty plea hearing relating to Petitioner's past mental health issues (ADD, ADHD, bipolar disorder, schizophrenia, seizures, and blackouts) that would constitute violations of his substantive and procedural due process rights. (DE 45, p. 3.)  As this argument is a restatement of the very basis

of his Petition, it is without merit as an objection to the Report and Recommendation and is thus overruled.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation. It is therefore ORDERED that the Petition is untimely under the one-year statutory deadline set forth in the AEDPA; and therefore, the Respondent's Motion for Summary Judgment (DE 29) is granted. Further, the remaining pending motions (DE 14, 34, and 38) are denied as moot.

**IT IS SO ORDERED**.

                s/Joseph Dawson, III
                Joseph Dawson, III
                United States District Judge

Greenville, South Carolina
August 4, 2021

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.